REED BROS., INC., *v.* BOARD OF SUP'RS OF LEE COUNTY.

[88 South. 504, En Banc. No. 21830.]

TAXATION. *Statute providing for ad valorem taxes held unconstitutional.*

Chapter 75, Laws 1908 (section 6889, 6890, Hemingway's Code), providing that stocks of goods, wares, and merchandise offered for sale by any firm, person, or corporation commencing business after the 1st day of February of the current year shall be assessed for ad valorem taxes, on given basis of the tax for a whole year, fixing the dates and proportions at quarterly periods, is unconstitutional, because in conflict with section 112 of the state Constitution, providing that taxation shall be equal and uniform throughout the state, and shall be assessed under general laws and by uniform rules according to its true value; the general law fixing the 1st day of February in each year as the date 'for assessing and valuing other property for ad valorem taxation.

APPEAL from circuit court of Lee county.

HON. C. P. LONG, Judge.

Proceedings to impose an assessment on the property of Reed Bros., Incorporated. The assessment was sustained by the board of supervisors of Lee county and by the circuit court, and Reed Bros. appeal. Reversed and rendered for appellant.

*Robins & Thomas,* for appellant.

Section 112 of the Constitution: "Taxation shall be uniform and equal throughout the state. Property shall be taxed in proportion to its value . . . Property shall be assessed for taxes under general laws, and by uniform rules, according to its true value.

Chapter 75 of the Laws of 1908, being section 6889 and 6890, Hemingway's Code, reads as follows: "Special tax on business opened after February first, apportion—(1)

An *ad valorem* tax shall be assessed and collected upon all stocks of goods, wares and merchandise offered for sale by any person, firm, or corporation, commencing business after the first day of February, of the current year, which said tax shall be apportioned according to the date at which the business is commenced, as follows, to-wit:

If commenced after February First and Before April First, 1-4.

If commenced after April First and Before July First, 1-2.

If commenced after July First and Before October First, 1-4.

It is our contention that this act of the legislature when carried into effect is discriminatory. We recognize that this court, in numerous cases, has held that the legislature may exempt certain classes of property from taxation, and it may make certain classifications of property for the purpose of taxation. A reference to Judge Truly's opinion in the case of *Adams* v. *Kuykendall* (1903), 83 Miss. 583, et seq., together with the cases there cited, will show the trend and development of this doctrine.

It might be of some value to the court, in a development of this question, to review the familiar case of *Mississippi Mills* v. *Cooke* (1878), 56 Miss. 41, in which three opinions of the court were written, and each of which is instructive and helpful.

Section 112 of the Constitution, as we see it defines the limitations of the inherent power of the legislature to tax, according to their will, and these limitations might be summed up as follows: (1) Tax shall be uniform; (2) Equal; (3) In proportion to value; (4) By general laws; (5) by Uniform rules.

We will not insist upon the third limitation mentioned as being violated, for we assume that this statute conforms to the constitutional provision with reference to being assessed according to its value, and we may also concede that law complies with the constitution by being a general law.

However, it is our idea that if the legislative act in its effect, results, in an unequal distribution of the burden of taxation, then is is not uniform, and the rule of its enforcement is not uniform and is discriminatory. In other words, while we may confess the power of the legislature, under this constitutional provision, to discriminate to a certain point, yet this particular law, in its enforcement, shows an illegal discrimination.

While we may admit the right of the legislature to place the burden upon a certain class of property, to-wit: merchandise; yet the same rate of taxation would necessarily have to apply to all other property, to come within the limitations of this provision of the Constitution, although it would apply to all persons alike, who held merchandise, but the discrimination comes in that a farmer could buy mules after the first day of February, yet there is no statute which makes the distribution of the burden of tax equal and compel him to pay his part, and the mules would escape taxation, and not be put on a uniform basis with merchandise, because the mules were not possessed by the owner on the first day of February.

The power of the legislature to classify is limited. Certain attempts at classifying by the legislature, may be illegal and in contravention of this constitutional provision as shown in the case of *Adams* v. *Kuykendall, supra,* and as shown in the case of *Adams* v. *Mississippi Lumber Company,* 84 Miss. 23, s. c. 36 So. 68.

We respectfully submit that this case should be reversed and the assessment held illegal.

*Mitchell & Clayton,* for appellees.

The only question to be considered by the court is the constitutionality of section 6889 of Hemingway's Code. Appellants contend that this section is unconstitutional in that it violates the provision of section 112 of the constitution. Our contention is that this section only fixes a time for assessing taxable property and in no sense does it discriminate.

Section 6888 of Hemingway's Code, provides that: "All taxable property brought into the state or acquired or held by any person before the first day of February shall be assessed and taxes thereon paid for the current year." Section 6889 making a definite provision for stocks of goods, wares and merchandise and it might well be contended that section 6889 is in conflict with section 6888. If this be true, however, it does not follow that either of said sections violate any provision of the constitution.

So far as the constitution is concerned there is no time fixed for the assessing of property and that matter is left solely to the legislature. As we view the matter the legislature might fix the first day of February for the time to assess real estate and fix the first day of April as the time for personal property other than stocks of merchandise and fix the assessment of merchandise as provided in section 6889. This whole subject matter is the time at which property is to be assessed during the year.

It is easy to see a reason for classifying stocks and merchandise as property for in this law it is part of the history of this state of which the court would take judicial knowledge that mercantile firms would begin business of February and second or at an early date after February the first in order to avoid taxes for the current year. This was the evil to be remedied. Section 6889 is the remedy provided for this evil. We submit that the legislature had the right to correct this evil and that this act is valid.

We have had a statute similar to this since 1896 and it has become the fixed policy of the state to enforce such statute. In the case of *Jennings* v. *Coahoma County,* 79 Miss. 523, this statute of 1896, chapter 38, was before the court and although the constitutionality of same was not raised, the court held the statute effective.

The court should be reluctant to disturb the policy of the state in revenue matters and we believe will not do so unless absolutely necessary.

We submit that the court should hold this statute valid and that this case should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

This is an appeal from an assessment imposed on Reed Bros., Incorporated, under chapter 75, Laws of 1908 (sections 6889, 6890, Hemingway's Code). The case is tried under the following agreed statement of facts:

"The following is agreed to as the facts in this case: Reed Bros., Incorporated, is a corporation organized under the laws of this state, and domiciled at Tupelo, Miss. The corporation was organized on the 2d day of March, 1920, and is a mercantile corporation doing business in Tupelo, Lee county, Miss. It began and commenced business on the 2d day of March, 1920, and owned no property on the 1st day of February, 1920. The charter of incorporation was granted to Reed Bros. on the 29th day of December, 1919, but no organization was had until the 2d day of March, 1920. The sole question presented in this cause is as to the constitutionality of chapter 75 of the Laws of 1908 (section 6889, 6890, Hemingway's Code). Reed Bros. declined to give in their assessment for 1920, claiming that they were exempt because they had no stock of goods and no property on the 1st day of February, but the assessor returned the proper form assessment against them made by him for twenty-two thousand, two hundred and fifty dollars. Reed Bros. filed a protest before the board of supervisors in proper form, protesting this assessment; and that the act (chapter 75 of the laws of 1908) was unconstitutional, in that it made a different basis and an unfair and unjust basis for the assessment of mercantile property from that of other property, inasmuch as property not owned by others on the 1st day of February of the current year was not assessed, but that property of merchants acquired after February 1st is required to be assessed. The board of supervisors overruled this protest, and approved the assessment of said Reed Bros., Incorporated, as returned by the assessor for twenty-two thousand, two hundred and fifty dollars. Reed Bros. took an appeal from this action of the board of supervisors to the circuit court,

which appeal was taken in due time and in the proper way. It is agreed that, if any assessment at all should be made against said Reed Bros., twenty-two thousand, two hundred and fifty dollars is a correct amount. This property assessed is the stock of goods, and is wholly in Lee county, state of Mississippi. The sole question presented by the appeal to the circuit court is as to the constitutionality of the act referred to, in which it attempts to assess the stock of goods and property of merchants in a different way and on a different basis, which protestants state is unfair and, unjust," etc.

The court below sustained the assessment, as did the board of supervisors.

Under the agreed state of facts the question presented for decision is whether or not chapter 75, Laws of 1908 (section 6889, 6890, Hemingway's Code), is constitutional. This chapter reads as follows:

"An *ad valorem* tax shall be assessed and collected upon all stocks of goods, wares and merchandise offered for sale by any person, firm or corporation commencing business after the first day of February, of the current year, which said tax shall be apportioned according to the date at which the business is commenced, as follows, to wit:

"If commenced after the first of February, and on or before the first of April, the tax shall be three-fourths of the tax for the whole year; if commenced after the first of April and on or before the first of July, the tax shall be one-half of the tax for the year; if commenced after the first of July, and on or before the first of October, the tax shall be one-fourth of the tax for the whole year.

"In all cases where stocks of goods, wares and merchandise assessable under the terms of this act have escaped assessment by the assessor, it shall be the duty of the sheriffs of the various counties of the state to assess said property, and they are hereby required so to do, and for this duty they shall receive compensation at the same rate and be paid in the same manner as assessors are paid. And for failure to perform such duties as are required by this

act they shall be subject to the same pains and penalties as apply to assessors.  Provided, that there shall be no assessment where it can be shown that the capital employed in such business has been .properly assessed for the fiscal year by the tax assessor of the county wherein the business is conducted."

Under the general law as provided in section 4257, Code of 1906 (section 6888, Hemingway's Code)—"All taxable property brought into the state or acquired or held by any person before the first day of February shall be assessed, and taxes thereon paid for the current year."

The act here under review seeks to impose an *ad valorem* tax upon all stocks of goods, ware and merchandise offered for sale by any person, firm or corporation commencing business after the 1st day of February of the current year, and arbitrarily fixes the assessment if made before the 1st of April and after the 1st day of February at three-fourths of the tax for the whole year; and, if commenced after the 1st of April, and before the 1st day of July, the tax shall be one-half of the tax for one year; and, if commenced after the 1st day of July, and on or before the 1st day of October, the tax shall be one-fourth of the whole year.

Section 112 of the state Constitution provides:

"Taxation shall be uniform and equal throughout the state.  Property shall be taxed in proportion to its value.  The legislature may, however, impose a tax *per capita* upon such domestic animals as from their nature and habits are destructive of other property.  Property shall be assessed for taxes under general laws, and by uniform rules, according to its true value.  But the legislature may provide for a special mode of valuation and assessment for railroads, and railroad and other corporate property, or for particular species of property belonging to persons, corporations, or associations not situated wholly in one county.  But all such property shall be assessed at its true value, and no county shall be denied the right to levy county and special taxes upon such assessment as in other cases of property situated and assessed in the county."

Section 181 of the state Constitution provides that the property of corporations for pecuniary gain shall be taxed in the same way and to the same extent as that of individuals.

Under the agreed facts in this case the corporation sought to be taxed had no property on the 1st day of February, and, if it is assessed at all, we must hold that stocks of goods are subject to *ad valorem* tax at a time and for a period in which other property is not assessed at all. Clearly this is in violation of the provisions of the state Constitution and the principles decided in *Robertson* v. *Mississippi Valley Co.*, 120 Miss. 159, 81 So. 799; *Robertson* v. *Miss. Valley Co.*, 77 So. 253; *Robertson* v. *K. C. Lumber Co.*, 77 So. 246; *C., R. I. & P. R. R. Co.* v. *Robertson*, 122 Miss. 417, 84 So. 449; *Gulfport* v. *Todd*, 92 Miss. 428, 46 So. 541; *Horton* v. *King*, 113 Miss. 60, 73 So. 871; *Bullock* v. *Covington County*, 77 So. 662; *Pearl River Co.* v. *Lacey Lumber Co.*, 86 So. 757.

The judgment of the court below will be reversed, and judgment entered here for the appellant.

*Reversed, and judgment here for appellant.*